**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SALVATORE ABBRUZZESE | |
| Appellant | No. 3566 EDA 2015 |

Appeal from the Judgment of Sentence October 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001377-2014

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 11, 2016**

Appellant Salvatore Abbruzzese appeals the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 22, 2015, following his non-negotiated guilty plea to one count each of stalking, contempt for violation of a protection from abuse (PFA) order, terroristic threats, and harassment.[1]  In addition, counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2709.1(a)(1), 23 Pa.C.S.A. § 6114(a), 18 Pa.C.S.A.§ 2706(a)(1) and 18 Pa.C.S.A. § 2709(a)(4), respectively.

2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On April 7, 2015, Appellant pled guilty to the aforementioned charges, and the trial court deferred sentencing to allow for the completion of a pre-sentence investigation (PSI) report and a mental health evaluation.  On October 22, 2015, Appellant was sentenced to an aggregate term of eleven and one-half months to twenty-three months in prison to be followed by eight years of probation.[2]  Appellant did not file a post-sentence motion.

Appellant filed his notice of appeal on November 23, 2015,[3] and following the trial court's directive to file a statement of errors complained of on appeal, Appellant asserted the following claim:

> Was not [A]ppellant's guilty plea in this matter invalid as the [c]ourt conducted a minimal on-the-record colloquy, failing to ascertain that [A]ppellant's plea was voluntary and that he was both aware of and understood his rights and the consequences of pleading guilty; specifically, the [c]ourt failed to advise [A]ppellant that he had the right to a jury trial?

Statement of Matters Complained of on Appeal, filed 12/15/15, at ¶ 3.

_____

[2] Specifically, Appellant received eleven and one-half months to twenty-three months' incarceration with immediate parole to be followed by five years of mental health probation with domestic violence conditions on the stalking charge and three years of probation to run consecutively thereto on the terroristic threats charge.  He received no further penalty on the remaining charges.

[3] Appellant's appeal was filed timely as the thirtieth day in which to file the same fell on Saturday, November 21, 2015.

- 2 -

On April 18, 2016, current counsel filed a petition to withdraw and an accompanying **Anders** brief with this Court contending that following her conscientious examination of the record, the controlling caselaw, and any applicable statutes she has determined there are no non-frivolous issues to be reviewed and that an appeal would be wholly frivolous. Counsel notified Appellant of her request to withdraw, furnished him with a copy of the **Anders** brief, and advised him of his right to retain new counsel, proceed *pro se* or raise any additional issues he may wish this Court to consider.[4] Counsel attached a copy of this correspondence to her petition to withdraw.

In the **Anders** brief, counsel presents the following statement of the questions presented:

> 1. Was the guilty plea in this matter made knowingly and voluntarily?
>
> 2. Was the sentence of 11 ½ to 23 months['] incarceration followed by 8 years['] reporting probation imposed by the lower court illegal or excessive?

**Anders** brief at 3.

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). The procedural requirements for withdrawal require counsel to: 1) petition for leave to withdraw and state that, after

_____

[4] Appellant has not responded to the petition to withdraw as counsel.

making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention. ***Id.***

Counsel's petition to withdraw indicates that she made a careful review of the record and concluded that there are no non-frivolous issues. Counsel notified Appellant she was seeking to withdraw and furnished him with copies of both the petition to withdraw and the **Anders** brief. Additionally, counsel informed Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, counsel has satisfied the procedural requirements of **Anders**.

In light of counsel's having complied with the procedural dictates of **Anders**, we next consider whether counsel's **Anders** brief meets the substantive requirements of **Santiago**. Under **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, ***supra*** at 361.

Counsel provided a detailed procedural and factual history of this case with citations to the record, explained her reasons for determining that Appellant's appeal is frivolous, and included statutory authority to support her finding there are no non-frivolous issues; therefore, counsel has complied with the requirements of **Anders/Santiago**. Accordingly, we proceed to a consideration of the issues of arguable merit counsel presents in her **Anders** brief concerning the voluntariness of Appellant's guilty plea and the legality and discretionary aspects of Appellant's sentence to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016).

Appellant initially contends he did not enter into his plea knowingly or voluntarily. When a defendant enters a guilty plea, he waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa.Super. 2008). Notwithstanding, a defendant challenging the validity of a guilty plea on direct appeal must object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing, and his failure to do so results in waiver. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); **Commonwealth v. Lincoln**, 72 A.3d 606, 610

(Pa.Super. 2013). Appellant has done neither; therefore, he has waived this claim.[5]

Appellant next challenges the legality of his sentence. While Appellant did not assert this claim in a timely post-sentence motion or in his statement of matters complained of on appeal, as long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa.Super. 2007). However, the trial court had the benefit of a PSI and imposed a sentence well within the legal limits. Appellant was sentenced to eleven and one half months to twenty-three months in prison to be followed by five years'

_____

[5] Even had Appellant properly preserved this issue for our review, the record reveals there was a factual basis for Appellant's plea. N.T. Guilty Plea, 4/7/15, at 6 (explaining Appellant violated a valid PFA order by repeatedly calling the victim and leaving her voicemails comprised of threatening language). Moreover, both Appellant's written and oral colloquies demonstrate that his guilty plea was entered knowingly, intelligently and voluntarily. ***Id.*** at 3-6. Specifically, Appellant stated he can read, write, and understand English. ***Id***. at 4. While he explained he takes medication for bipolar disorder, he indicated that medication does not interfere with his ability to comprehend the proceedings. ***Id***. Appellant identified his four-page, written guilty plea colloquy form and acknowledged he had reviewed it with counsel and understood its contents. ***Id***. at 4-5. He also was aware that by pleading guilty he was giving up his absolute right to a trial and was informed he could receive a maximum prison sentence of fourteen years and a maximum fine of $30,000.00. ***Id***. at 5; Written Guilty Plea Colloquy, 4/7/15. ***See also Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa.Super. 2015). (law does not require that defendant be pleased with outcome of decision to enter guilty plea, but just that decision was knowingly, voluntarily and intelligently made). In light of the foregoing, we would find no merit to Appellant's claim he did not enter his plea knowingly and intelligently.

probation on the stalking charge which was a felony of the third degree whose statutory maximum sentence was seven years in prison. Appellant further received a consecutive probationary sentence on the terroristic threats charge, which as a misdemeanor of the first degree carried a statutory maximum of five years' incarceration. Appellant's prior record score was a four and the offense gravity score on the stalking charge was a six. N.T. Sentencing, 10/22/15, at 4. The trial court's sentence fell within the mitigated range of the Sentencing Guidelines, and the court granted Appellant immediate parole.

To the extent Appellant purports the discretionary aspects of his sentence, we note that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citations omitted).

Appellant failed to raise a challenge to the discretionary aspects of his sentence either in an oral motion at sentencing or in a post-sentence motion. In addition, Appellant did not include this claim in his statement of matters complained of on appeal. As such, this challenge is waived as well. *See Griffin*, *supra*; *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) (any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived).[6]

Consequently, after an independent review of this appeal, we find Appellant's issues to be frivolous, and we grant counsel's petition to withdraw.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016

_____

[6] Even if he properly had preserved a challenge to the discretionary aspects of his sentence, for the reasons set forth *supra*, it would be meritless.